

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/21/2021

| | | |
|---|---|---|
| IN RE: § | | |
| PARAGON GLOBAL, LLC, *et al*, § | | CASE NO: 17-36605 |
| Debtors. § | | |
| § | | CHAPTER 7 |
| § | | |
| CORVAL BUILDERS & ERECTORS, § | | |
| INC., § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | | ADVERSARY NO. 19-3458 |
| § | | |
| PARAGON FABRICATORS, INC., *et al*, § | | |
|     Defendants. § | | |

## MEMORANDUM OPINION

On July 16, 2020, Corval Builders & Erectors, Inc. ("Corval") moved for summary judgment (ECF No. 27) against Alison Bynum, the chapter 7 trustee (the "Trustee") for debtor Paragon Fabricators, Inc (the "Debtor"). The Trustee filed a response to the motion for summary judgment on August 13, 2020. (ECF No. 28). Corval filed its reply on August 19, 2020. (ECF No. 29. The Trustee raised no substantive objection to motion, and the Court grants summary judgment in favor of Corval as follows.

Corval, a Minnesota corporation, performs work as an industrial and commercial contractor. (ECF No. 27 at 4). In 2017, Magellan Midstream Partners, L.P. ("Magellan") hired Corval to provide storage, piping, and equipment necessary to support a project in Corpus Christi, Texas. (ECF No. 27 at 4). Corval then hired the Debtor as a subcontractor on the project. (ECF No. 27 at 5). The Debtor was to complete pipe fabrication and welding work on the project. (ECF No. 27 at 5).

Corval alleges that the Debtor negligently and deficiently completed its pipe fabrication and welding tasks. Further, Corval was forced to pay to correct the Debtor's subpar work. Specifically, the Debtor, "without specific written approval from Corval or from Magellan, welded external attachment welds to pipes and fittings," in violation of project specifications. (ECF No. 27 at 5). The Debtor also performed multiple repairs to previous repairs, and completed defective welds on various pipes. (ECF No. 27 at 5).

As a result of the Debtor's failures, Corval sustained damages via chargebacks, and Magellan's property was damaged because the faulty pipes had to be removed and replaced. (ECF No. 27 at 5). Corval's contract with Magellan required Corval to "immediately remedy, repair or replace any [w]ork not in compliance with this Contract . . . at Contractor's sole cost and expense." (ECF No. 27 at 5). "Magellan therefore compelled Corval to pay for the costs of replacing the [p]roject's pipes damaged by [the Debtor's] defectively and negligently performed work. (ECF No. 27 at 6). Magellan performed the repair work, then back-charged Corval by withholding future amounts otherwise owed to Corval. (ECF No. 27 at 6).

Corval has billed Magellan $2,718,664.00 for work completed on the project, and Magellan has paid $1,087,079.00. (ECF No. 27 at 6). Magellan has withheld the remaining $1,631,585.00 on account of Magellan's repairs to cure the Debtor's defective work. (ECF No. 27 at 6). Corval asserts damages against the Debtor in the amount of $1,631,585.00. (ECF No. 27 at 6).

While performing its work on the project, the Debtor maintained an insurance policy, known as policy number MKL5IM0050382, with a policy period of December 6, 2017 to December 6, 2018, issued by Markel American Insurance Company (the "Markel Policy"). (ECF No. 17 at 6). The Markel Policy includes coverage sections titled "Business Personal Property"

and "Underground Pipes, Pilings, Bridges, and Roadways." (ECF No. 27 at 6-7). The policy limits under those sections are $1,727, 500.00 and $250,000.00, respectively.

The Debtor filed a petition under chapter 11 of the Bankruptcy Code on December 5, 2017. (Case No. 17-36607; ECF No. 1). The Debtor's case was later converted to chapter 7. Corval filed a timely proof of claim and on August 18, 2018, the Court granted Corval relief from the automatic stay to "liquidat[e] its claim and mak[e] insurance claims on the Debtor's policies." (Case No. 17-36607; ECF No. 151). Corval then commenced this adversary proceeding against the Debtor and the Trustee. (ECF Nos. 1, 17).

The Amended Complaint asserts six requests for relief. (ECF No. 17). First, Corval seeks a declaration that the Debtor is liable for property damage caused by the Debtor's negligent or deficient work. Second, Corval seeks a declaration determining the amount of damages caused by the Debtor's negligent or defective work. Third, Corval seeks a declaration that it is legally and equitably subrogated to Magellan's rights, claims, and remedies against the Debtor. Fourth, Corval seeks a declaration that the pipes and other items damaged by the Debtor are covered "Business Personal Property" under the Markel Policy. Fifth, Corval seeks a declaration that it is legally and equitably subrogated to the Debtor's claims, rights, and remedies under the Markel Policy to recover losses attributable to the Debtor's negligent or defective work. Sixth, Corval seeks an allowed unsecured claim against the Debtor for damages caused by the Debtor. Corval now moves for summary judgment on all but the fourth claim. (ECF No. 27 at 9). Corval does not ask the Court to determine that the pipes damaged by the Debtor are covered under the Markel Policy at this time.

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

Under Texas law, "an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam). Thus, Corval must obtain a judgment against the Debtor before pursuing any recovery under the Markel Policy. If it obtains a judgment, Corval may step into the Debtor's shoes and attempt to recover its damages under the Markel Policy. *See*, *e.g.*, *Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 929 (Tex. App.—Dallas 2011).

Neither the Debtor nor the Trustee has objected to Corval's Motion for Partial Summary Judgment. The Trustee's Response raised a single issue: that Corval's allowed claim in the Debtor's bankruptcy be reduced by any amount recovered under the Markel Policy. (*See generally* ECF No. 28). Corval's Reply agrees that the Trustee may object to its proof of claim if and when it recovers insurance proceeds. (ECF No. 29 at 3-4). The Motion for Summary Judgment also acknowledges that Corval's claim should be reduced by the amount of any insurance recovery. (ECF No. 27 at 12 ("If Corval were to recover under the Policy, such recovery would reduce, on a dollar-for-dollar basis, the amount of Corval's claim in the bankruptcy proceeding.")).

Corval's summary judgment evidence is uncontroverted and no issue of material fact prevents Corval from obtaining its requested relief. The evidence shows that the Debtor negligently or defectively completed its work on the project and that Magellan sustained damages as a result of the Debtor's defective work. Magellan then withheld payment from Corval on account of those damages.

Corval is entitled to summary judgment on Claim I and Claim II of the Amended Complaint. (*See* ECF No. 17 at 10-11). The Trustee, in her representative capacity, and the bankruptcy estate are liable to Magellan for property damage caused because of the Debtor's negligent or defective work. The damages sustained by Corval as a result of the Debtor's negligent or defective work are $1,631.585.00. Corval is legally and equitably subrogated to Magellan's rights, claims, and remedies against the Debtor because Corval compensated Magellan via chargebacks. Corval is also legally and equitable subrogated to the Debtor and Trustee's rights and remedies under the Markel Policy to recover losses attributable to the Debtor's negligent or defective work.[1] Finally, Corval holds an allowed unsecured claim against the Debtor in the amount of $1,631,585.00, subject to reduction based on any recovery under the Markel Policy.

A separate order will be entered.

SIGNED 01/21/2021

_____
Marvin Isgur
United States Bankruptcy Judge

---

[1] Nothing in this Opinion shall deprive Markel of any defense against liability under the Markel Policy.